UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RAY DOSS,

    Plaintiff,

v.

CASE NO:
HONORABLE:

CITY OF BENTON HARBOR and DANIEL POOLEY, in his individual and official capacity,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **RAY DOSS**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1. Plaintiff is currently a resident of the City of Benton Harbor, County of Berrien, State of Michigan.

1

2. Defendant City of Benton Harbor is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. Defendant Daniel Pooley is and/or was a police officer working and/or assigned to the City of Benton Harbor Police Department and at all times mentioned herein were acting under color of law, in his individual and official capacity, and within the course and scope of his employment.

4. All events giving rise to this lawsuit occurred in the City of Benton Harbor, County of Berrien, State of Michigan.

5. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

# FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. That on or about August 2, 2018 and into August 3, 2018 Plaintiff was outside of his apartment complex located at 250 East Wall Street, Benton Harbor, Michigan 49022 leaning against his friend's truck.

10. Defendant Pooley arrived at the apartment complex on a domestic police call that had nothing to do with Plaintiff.

11. Defendant Pooley demanded Plaintiff let him into the apartment building and Plaintiff said no.

12. Defendant Pooley grabbed Plaintiff by his shirt and pulled him approximately 5 to 6 steps away from the truck.

13. Defendant Pooley then slammed Plaintiff to the ground onto his back.

14. Defendant Pooley then put his knee on Plaintiff's chest.

15. Defendant Pooley put both hands around Plaintiff's neck, choking Plaintiff.

16. Plaintiff was transported by emergency medical services to Lakeland Hospital.

17. Plaintiff was detained and given a ticket for misdemeanor charges.

18. Plaintiff's charges were dismissed.

19. As a result of Defendants' unlawful and excessive actions and/or inactions, Plaintiff suffered significant injuries and damages.

### COUNT I
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983 EXCESSIVE FORCE

20. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

21. At all relevant times herein, the individual Defendant acted under color of law, within the scope and course of his employment, and in his official and individual capacity.

22. Defendant violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when he employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff.

23. The actions of Defendant were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

24. Defendant is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

25. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendant, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983—FALSE ARREST/IMPRISONMENT

26. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

27. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

28. At all material times, Defendant acted under color of law and unreasonably when he violated Plaintiff's Fourth Amendment rights when he falsely arrested, falsely detained, and charged Plaintiff without probable cause.

29. At all material times, Defendant acted under color of law and unreasonably when he violated Plaintiffs' Fourth Amendment rights when he arrested and detained as well as caused to have charges brought against Plaintiff.

30. Defendant acted unreasonably and failed in his duties when he falsely arrested/detained/seized/charged Plaintiff without considering the totality of the circumstances.

31. Defendant acted under color of law and is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

32. Defendant's illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of his constitutional rights.

33. Due to Defendant's actions and/or inactions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

<h2 style="text-align:center"><u>COUNT III</u><br><u>CITY OF BENTON HARBOR CONSTITUTIONAL VIOLATIONS</u></h2>

34. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

35. Defendant City of Benton Harbor acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

36. That these customs and/or policies and/or practices included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding reasonable seizures;

    c. Failing to adequately train and/or supervise police officers regarding the proper use of force;

    d. Failing to supervise, review, and/or discipline police officers whom Defendant City of Benton Harbor knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

    e. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force.

37. Defendant's conduct demonstrated a substantial lack of concern for whether an injury resulted.

38. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

39. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

                                      Respectfully Submitted,
                                      CHRISTOPHER TRAINOR & ASSOCIATES

                                      **<u>s/ Christopher J. Trainor</u>**
                                      CHRISTOPHER J. TRAINOR (P42449)
                                      AMY J. DEROUIN (P70514)
                                      Attorneys for Plaintiff
                                      9750 Highland Road
                                      White Lake, MI  48386
                                      (248) 886-8650
                                      amy.derouin@cjtrainor.com

Dated:  March 10, 2020
CJT/lvp

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

RAY DOSS,

    Plaintiff,

v.                                                                  CASE NO:
                                                                        HONORABLE:

CITY OF BENTON HARBOR and DANIEL POOLEY, in his individual and official capacity,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com | |

## **DEMAND FOR TRIAL BY JURY**

1

**NOW COMES** Plaintiff, **RAY DOSS** by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and herby makes a demand for trial by jury in the above-entitled cause.

        Respectfully Submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

        **s/ Christopher J. Trainor**
        CHRISTOPHER J. TRAINOR (P42449)
        AMY J. DEROUIN (P70514)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI  48386
        (248) 886-8650
        amy.derouin@cjtrainor.com

Dated:  March 10, 2020
CJT/lvp